UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-00323-SSS (SHK)                                                                 Date: March 14, 2025

Title   *Guillermo Alfonso Salazar-Velasquez v. Robert Alan Soltis, et al.*

Present: The Honorable:   **Sunshine Suzanne Sykes, United States District Judge**

| Irene Vazquez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order to Show Cause Re: Venue**

On February 3, 2025, Plaintiff, a federal inmate, filed a "Motion-Complaint." [Dkt. 1].  On March 7, 2025, he filed a Request to Proceed Without Prepayment of Filing Fees.  [Dkt. 3].

The Defendants are two private attorneys Plaintiff had hired in relation to Plaintiff's patent application.  [Dkt. 1 at 2].  Defendants allegedly "kept the Certificate issued by U.S. Patent Office from [Plaintiff], but they also took possession of the Patent without proper authorization from [Plaintiff] and have received monetary benefits of unknown amount from the invention and still refuse to communicate with [Plaintiff] as [Plaintiff] has tried unsuccessfully to communicate with both the Patent Attorneys."  *Id*. at 3.

A federal court may raise the issue of venue on its own motion.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  A plaintiff in a civil action has the burden of establishing that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir. 1979).  "Any civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).

Here, Plaintiff fails to allege why venue is proper in the Central District of California.  According to the Motion-Complaint, one of the Defendants resides in Portage, Michigan, while the other Defendant resides in Kamulea, Hawaii.  [Dkt. 1 at 7].  Moreover, "[i]n patent infringement actions, venue must be established individually as to each defendant named in the action."  *Tour Technology Software, Inc. v. RTV, Inc*., 377 F. Supp. 3d 195, 210 (E.D. N.Y. 2019); *see also Nazomi Communications, Inc. v. Nokia Corporation*, 2010 WL 11508956, at *7 (C.D. Cal. June 21, 2010)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:25-cv-00323-SSS (SHK)                                         Date: March 14, 2025

Title    *Guillermo Alfonso Salazar-Velasquez v. Robert Alan Soltis, et al.*

("In patent infringement cases involving multiple defendants, venue must be established as to each defendant.").  It does not appear, based solely on the sparse allegations Plaintiff has provided, that the proper venue for both Defendants would be the same.

Because Plaintiff has not alleged that venue in the Central District of California is proper, within **thirty (30)** days of the date of this order, Plaintiff is ordered to show cause why this action should not be dismissed without prejudice for improper venue.

Plaintiff's response should clearly allege the proper venue for this action under 28 U.S.C. § 1400(b).  If venue is improper in the Central District of California, and if Plaintiff seeks a transfer of this action to another judicial district pursuant to 28 U.S.C. § 1406(a), he must explain why the proposed transferee judicial district would be the proper venue for his claims.  In the alternative, Plaintiff may request dismissal of this action without prejudice.  Plaintiff's failure to respond to this order by the deadline, or the filing of a response without the necessary allegations, will result in dismissal of this action without prejudice.

IT IS SO ORDERED.