UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.   5:25-cv-00323-SSS (SHK)                                             Date: April 18, 2025

Title   <u>Guillermo Alfonso Salazar-Velasquez v. Robert Alan Soltis, et al.</u>

Present: The Honorable:   **Sunshine Suzanne Sykes, United States District Judge**

| Irene Vazquez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):   Order Dismissing Action Without Prejudice For Improper Venue**

    **I.**    **Background.**

    On February 3, 2025, Plaintiff, a federal inmate in California, filed a "Motion-Complaint." [Dkt. 1]. On March 7, 2025, he filed a Request to Proceed Without Prepayment of Filing Fees. [Dkt. 3].

    The Defendants are two private attorneys Plaintiff had hired in relation to Plaintiff's patent application. [Dkt. 1 at 2]. Defendants allegedly "kept the Certificate issued by U.S. Patent Office from [Plaintiff], but they also took possession of the Patent without proper authorization from [Plaintiff] and have received monetary benefits of unknown amount from the invention and still refuse to communicate with [Plaintiff] as [Plaintiff] has tried unsuccessfully to communicate with both the Patent Attorneys." *Id*. at 3.

    On March 14, 2025, the Court ordered Plaintiff to show cause why venue for this patent action was proper in the Central District of California. [Dkt. 9]. According to the Motion-Complaint, one of the Defendants resides in Portage, Michigan, while the other Defendant resides in Kamulea, Hawaii. [Dkt. 1 at 7].

    On March 31, 2025, Plaintiff filed a "Motion to Show Cause," which the Court liberally construes as a response to the Order to Show Cause. [Dkt. 10]. Plaintiff alleges that venue is proper in the Central District of California because a substantial part of the events or omissions that gave rise to his claims occurred in this district. *Id*. at 2. Specifically, Plaintiff alleges that (1) Plaintiff created and produced the patent while living in California; (2) one of the attorneys, Mr. Soltis,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  5:25-cv-00323-SSS (SHK)                                         Date: April 18, 2025

Title     <u>Guillermo Alfonso Salazar-Velasquez v. Robert Alan Soltis, et al.</u>

resided in California when Plaintiff hired him; and (3) Plaintiff currently is incarcerated in this district.  *Id*.  Accordingly, Plaintiff requests that the case be heard in this district.  *Id*.

**II.     Discussion.**

A federal court may raise the issue of venue on its own motion.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  A plaintiff in a civil action has the burden of establishing that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir. 1979).

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Moreover, "[i]n patent infringement actions, venue must be established individually as to each defendant named in the action."  *Tour Technology Software, Inc. v. RTV, Inc*., 377 F. Supp. 3d 195, 210 (E.D. N.Y. 2019); *see also Nazomi Communications, Inc. v. Nokia Corporation*, 2010 WL 11508956, at *7 (C.D. Cal. June 21, 2010) ("In patent infringement cases involving multiple defendants, venue must be established as to each defendant.").  Plaintiff has not established these requirements.

First, Plaintiff has not attempted to establish venue for both of the two Defendants named in this action, as Plaintiff was required to do.  Although Plaintiff attempts to establish venue for Mr. Soltis in this district, he makes no attempt to argue that venue is proper in this district for the other Defendant, Mr. Kroll.  [Dkt. 10 at 2].

Second, Plaintiff's attempt to establish venue in this district for Mr. Soltis is insufficient.  Because Mr. Soltis does not reside in this district, Plaintiff must show that this district is "where [Mr. Soltis] has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Plaintiff does not allege where Mr. Soltis committed the acts of infringement and where Mr. Soltis has a regular and established place of business.  Instead, Plaintiff only alleges, at most, that Mr. Soltis worked on the patent application in this district [Dkt. 10 at 2], which is not an act of infringement.  *See* 35 U.S.C. § 271(a) (patent infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States. . . .").  Indeed, Plaintiff appears to have insufficient information about where and when the alleged acts of infringement occurred, and he seeks that information.  [Dkt. 1 at 7].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-00323-SSS (SHK)                                    Date: April 18, 2025

Title      <u>Guillermo Alfonso Salazar-Velasquez v. Robert Alan Soltis, et al.</u>

    For these reasons, Plaintiff has not met his burden of establishing venue for this patent action is proper in the Central District of California.

    Finally, transfer of this action to another judicial district would not be in the interest of justice. *See* 28 U.S.C. § 1406(b). Plaintiff's inadequate response to the Court's Order to Show Cause, as to both Defendants, renders it unclear as to where this action should be transferred, and Plaintiff does not seek a transfer. Thus, this action is dismissed without prejudice to Plaintiff refiling it in the proper venue. *See Rojas v. Pioneer Credit Solutions LLC*, 2023 WL 7201405, at *1 (C.D. Cal. Oct. 30, 2023) (dismissing rather than transferring action where Plaintiff's response to an order to show cause regarding venue failed to show where transfer would be proper); *Potter v. Cross Country Mortgage, Inc.*, 2019 WL 1959245, at *2 (C.D. Cal. May 2, 2019) (dismissing rather than transferring action where Plaintiff's gave an inadequate response to an order to show cause regarding venue).

    **III.   Conclusion.**

For the foregoing reasons, this action is dismissed without prejudice for improper venue.

    **IT IS SO ORDERED**.